■ THOMAS R. DYCKMAN et al., Respondents, v JAY OREAR et al., Appellants. [688 NYS2d 767] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered February 3, 1998 in Tompkins County, which, *inter alia*, granted plaintiffs' cross motion for summary judgment.

In May 1995, plaintiffs entered into a written agreement with defendants to purchase a 1.35-acre parcel of land contiguous to property they owned in the Town of Lansing, Tompkins County. Under the terms of the contract, plaintiffs agreed to pay $150,000 provided that defendants obtained approval from the Town that the parcel was a residential building lot within two years from the date of the agreement. In the event approval was not obtained, the contract provided that plaintiffs could elect to cancel the contract or purchase the property for $100,000. Defendants did not obtain approval within the requisite time period and plaintiffs elected to purchase the parcel at the reduced price. By letter dated June 26, 1997, plaintiffs' attorney notified defendants' attorney of plaintiffs' desire to close by July 21, 1997 and making "time of the essence". When the closing did not occur by that date, plaintiffs commenced this action for specific performance of the contract. Following joinder of issue, defendants moved for summary judgment dismissing the action. Plaintiffs, in turn, cross-moved for summary judgment in their favor. Supreme Court, *inter alia*, granted plaintiffs' cross motion resulting in this appeal.

As a defense to performance under the contract, defendants

contend that they could not legally convey title to the parcel in question at the time of the demand. They submit that subdivision approval was required due to the fact that the parcel was contiguous to other property owned by them which they were seeking to subdivide and the Town Attorney had specifically advised them that conveyance of the subject parcel would be in violation of the Town's subdivision regulations which could subject them to criminal prosecution. Plaintiffs, on the other hand, assert that defendants could legally convey the parcel at the time of the demand because, pursuant to a resolution passed by the Town in August 1995, the Town Zoning Enforcement Officer had the authority to approve "one lot subdivisions" or boundary line changes such as the one contemplated by the contract.

It is unnecessary, however, for us to resolve the issue raised by the parties given the events that have transpired since the commencement of the action. Notably, the Town has granted defendants' application for subdivision approval, thus removing any legal impediment that may have existed with respect to conveyance of the parcel in question. Subdivision approval for the subject parcel was a risk which these parties specifically contemplated and the failure to obtain it within the requisite time period does not constitute "an unanticipated event that could not have been foreseen or guarded against in the contract" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902). Consequently, we reject defendants' apparent claim that their performance was excused by impossibility which rendered the contract null and void. To the contrary, we conclude that inasmuch as defendants failed to obtain the Town's approval that the parcel in question was a residential building lot within two years of the date of the agreement, plaintiffs are entitled to purchase it at the reduced price of $100,000.

Mikoll, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with costs.